NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUNG HO KIM, an individual, | CASE NO.: CV10-01462 DMG (PLAx) |
| | *Hon. Dolly M. Gee - Ctrm. 7* |
| | *Mag. Paul L. Abrams - Ctrm. G, 9th Fl.* |
| *Plaintiff,* | |
| v. | **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |
| CITY OF LOS ANGELES, UNITED STATES OF AMERICA, OFFICER CHAD ZIPPERMAN, OFFICER IRENE KOHLER, and DOES 1 through 10, inclusive, | |
| | DISCOVERY CUTOFF: May 30, 2011 |
| | P.T.C.: August 9, 2011 |
| | TRIAL: Sept. 6, 2011 |
| *Defendants.* | |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1

1.  Following the issuance of a protective order and in accordance with the above-referenced agreement, the parties have agreed to exchange copies of the following documents:

   a) The warrant teletype provided to the LAPD by the United States Army on or about June 27, 2009;
   b) Army Deserter Information Sheet;
   c) "Deserter Absentee Wanted by the Armed Forces";
   d) United States arrest warrants for Sung Kim;
   e) The LAPD's Mobile Digital Computer printout which depicts the warrant and Plaintiff's personal information;
   f) A copy of Plaintiff's social security card which was in effect during June of 2009;
   g) A copy of Plaintiff's driver's license which was in effect during June of 2009;

   h) A copy of Plaintiff's Resident Alien card which was in effect during June of 2009;
   i) Plaintiff's criminal history report from the California Department of Justice;

2.  The warrant teletype, Army Deserter Information, "Deserter Absentee Wanted by the Armed Forces," and United States arrest warrant for Sung Kim include personal and confidential information, regarding Plaintiff, the warrant subject ("Sung Ho Kim") and additional third party, including date of birth, social security number, photo, and Alien Registration Number.  Additionally, the MDC printout contains personal and confidential information regarding Plaintiff, the warrant subject ("Sung Ho Kim"), and an additional third party.  Likewise, the Plaintiff's driver's license, social security card, resident alien card, and criminal history report include personal and confidential information regarding the Plaintiff.

///

**TERMS OF THE PROTECTIVE ORDER**

3. If the Protective Order is issued, the parties will produce the above-referenced documents, wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

4. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

5. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

6. Prior to the disclosure of any Confidential Information to any person described in paragraph 5(a) or 5(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on all parties the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/_____"

7. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the counsel for the party who produced said confidential information (i.e., The City Attorney's Office, United States Attorney's Office, or Do Kim, Esq.)

8. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to all counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford other parties an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the opposing party's counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

9. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal either pursuant to Ex Parte Application and Order of the Court or Stipulation of the parties and Order of the Court, **in which good cause for the under seal filing is shown**. (Local Rule 79-5, et seq.). If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal. <u>In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with</u>

<u>that proceeding or to move to exclude said information prior to or during the time of trial</u>.

10. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings. To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

11. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

12. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

13. Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions.

1        14.    <u>This Protective Order survives until the time of commencement of trial. The parties hereto, however, may make a request to the District Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order</u>.

        15.    This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document.  Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO ORDERED.***

Dated: March 1, 2011          By: _____
                                  HONORABLE PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE